UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINGBO JIANGBEI SWEET TIME ECOMMERCE CO. LIMITED,<br><br>  Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC. et al.,<br><br>  Defendants. | Case No. 2:24-cv-04757-SB-PVC<br><br><br>ORDER FOR FURTHER RESPONSES TO ORDER TO SHOW CAUSE RE SANCTIONS |

On September 9, the Court ordered Plaintiff to show cause why it and its counsel should not be sanctioned for repeatedly violating the Court's orders and Plaintiff's meet-and-confer obligations. Dkt. No. 22. The order to show cause (OSC) detailed Plaintiff's failures and identified possible sanctions the Court was considering, including "imposing monetary sanctions against Plaintiff and his counsel, summarily granting Amazon's motion to dismiss based on Plaintiff's refusal to meet and confer, and ordering Plaintiff to reimburse Amazon for the attorney's fees unnecessarily incurred in filing both motions [to dismiss]." *Id*. at 2. Plaintiff was ordered to file a written response to the OSC by September 13, and the Court instructed that in the response, "counsel shall state whether he or his client has ever been sanctioned by any court or agency or the subject of an OSC for failing to follow any court rule or order." *Id*.

On September 13, attorney James Kim filed a declaration describing a serious medical situation that has impacted his ability to communicate with his client and opposing counsel. Dkt. No. 23. The declaration states that Kim is prepared to present a proposed amended pleading for filing by stipulation today. The declaration does not address the possible sanctions raised by the Court, including payment of Amazon's attorney's fees incurred in filing the unnecessary motions to dismiss. In violation of the Court's instructions, the declaration also

1

does not state whether Kim or his client has ever been sanctioned or the subject of an OSC.  Most significantly, while Kim's medical condition provides some explanation for why *he* was unable to perform certain duties, Kim is one of three attorneys who have appeared for Plaintiff—and he is not even designated as lead counsel.  Kim's declaration does not address why neither of the other lawyers representing Plaintiff—including Gene Shioda, who filed the complaint in this case and who is designated as lead counsel for Plaintiff—could comply with the Court's orders while Kim was incapacitated.

      Accordingly, the Court orders that no later than September 18, 2024, lead counsel Shioda shall file a response to the Court's OSC re sanctions addressing all the issues raised by the Court.  Also by September 18, Kim shall file a further declaration addressing the information missing from his September 13 declaration.

Date: September 16, 2024

                                                      Stanley Blumenfeld, Jr.
                                                      United States District Judge